**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

**ERICA PARASIMO ,**                                  21-cv-1478

       **Plaintiff,**                                          **COMPLAINT**

       -against-

**GC SERVICES LIMITED PARTNERSHIP,**

       **Defendant.**
-------------------------------------------------------------------x

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Erica Parasimo, an individual consumer, against Defendant GC Services Limited Partnership for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Erica Parasimo is a natural person residing in the Valley Stream, New York and is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

4. Defendant GC Services Limited Partnership ("GC Services ") is a Delaware corporation, duly authorized and qualified to do business in the state of New York.

5. Defendant's principal purpose is the collection of debts and defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)

1

## FACTUAL ALLEGATIONS

6. On March 20, 2020 Defendant mailed Plaintiff a letter attempting to collect an old student loan debt to Navient.

7. The letter informed Plaintiff that Navient had authorized GC Services to make a settlement offer on her account and attached a proposed settlement agreement.

8. The letter alleged that Plaintiff owed over $247,000 to Navient but was willing to settle with her for $22,404.

9. The subject Navient loans that Defendant was attempting to collect on were private student loans taken out by Plaintiff between December 2004 and October 2006.

10. Plaintiff is completely and totally disabled and was not able to make payments on the Navient loans and never made any payments on the loans. Accordingly, the statute of limitations on the loans had expired between 2010 and 2012.

11. Defendants March 20, 2020 letter and settlement offer to Plaintiff failed to inform Plaintiff that making payments on the loan or agreeing to make payments on the loan might restart the statute of limitations.

12. The defendant's unlawful actions caused the Plaintiff significant anxiety and distress and exacerbated her pre-existing disability.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. The plaintiff hereby re-alleges and incorporates by reference each of the allegations in the paragraphs above.

14. The plaintiff is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

15. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

16. The alleged underlying debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

17. Defendant violated 15 U.S.C. § 1692e(2) by failing to notify Plaintiff that the debt was time-barred and that making a payment or a promise to pay could restart the statute of limitations on the expired debt.

18. Defendant violated 15 U.S.C. § 1692e(5) by failing to notify Plaintiff that the debt was time-barred and that making a payment or a promise to pay could restart the statute of limitations on the expired debt.

19. Defendant violated 15 U.S.C. § 1692e(6) by failing to notify Plaintiff that the debt was time-barred and that making a payment or a promise to pay could restart the statute of limitations on the expired debt.

20. Defendant violated 15 U.S.C. § 1692e(10) by failing to notify Plaintiff that the debt was time-barred and that making a payment or a promise to pay could restart the statute of limitations on the expired debt.

21. Plaintiff has suffered damages and a result of Defendant's unlawful conduct and is entitled to statutory damages pursuant to 15 U.S.C. § 1692k(a).

**WHEREFORE,** the plaintiff respectfully requests that judgment be entered as follows:

A. Awarding the plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

B. Awarding the plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Awarding the plaintiff attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

D. Granting such other and further relief as the Court deems just.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN**.

Dated: March 19, 2021

                                               Kevin Mallon
                                               MALLON CONSUMER LAW GROUP, PLLC
                                               One Liberty Plaza, Suite 2301
                                               (646) 759-3663
                                               consumer.esq@outlook.com
                                               Attorneys for Plaintiff